### WILLIAM ILETT *et al.*

*v.*

### THOMAS F. COLLINS *et al.*

*Filed at Ottawa March 28, 1882.*

1. CONTINUANCE—*requisites of affidavit.* An affidavit by the plaintiffs' attorney, stating, generally, that "plaintiffs can not safely go to trial, for want of material testimony," giving neither the name nor the residence of any witness, and failing to show the substance of the testimony sought, or any diligence used, or excuse for want of diligence, is wholly inadequate to obtain a continuance.

2. ASSUMPSIT—*when it will lie.* Where the purchaser of real estate practices such a fraud on the vendor as will subject him to an action on the case for fraud, and the vendor in apt time claims to rescind the sale on that ground, offering to restore the purchaser to his former condition, by a tender of all that was paid or pledged, and demands a reconveyance of the land, which is refused, the vendor may maintain assumpsit for the price of the land, whether he received bonds of the purchaser in payment or merely as a security.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county.

This was an action of assumpsit, by Ilett and others, appellants, brought by them in the Superior Court of Cook county, to recover the price of certain real estate conveyed by them to defendants, appellees. On trial, judgment was rendered for defendants in the action. Plaintiffs appealed to the Appellate Court, where the judgment was affirmed. After the action was begun, plaintiffs, on affidavit, sued out an attachment in aid of the action. The trial was had on general issue pleaded to the declaration, and upon a plea traversing material statements on which the writ of attachment was issued.

While the cause was pending, defendants were compelled by the court to produce a written agreement made between

plaintiffs and defendants at the time of the sale of the land. To procure the attachment writ, an affidavit of the attorney of plaintiffs was made, stating, in substance, that the price of the property was $10,000, and the sale was on a credit of three months, the purchasers delivering to the vendors certain "gas bonds," to the amount of $10,000, face value, and representing that the same were worth more than par, and agreeing to pay the purchase money in three months and take up the bonds, and that a written memorandum was made of the terms of the trade; that plaintiffs soon ascertained that they had been cheated, and found that the gas bonds were not worth twenty-five cents on the dollar; that plaintiffs then tendered the bonds to defendants, and, rescinding the contract, demanded a reconveyance of the land.

On the production of the written memorandum of the transaction by defendants, under the rule of court *supra*, it turned out that it declared that the bonds were taken and accepted as payment for the land, reserving to the vendees an option to buy the bonds within ninety days. The production of this memorandum was delayed until the cause was about to be called for trial. On its production, plaintiffs' attorney at once prepared and presented to the court his own affidavit, saying (as stated in the abstract), "that, from information he received from plaintiffs, he brought suit in assumpsit, but has just seen the writing between the parties, produced here to-day under order of court; that he is surprised at its contents; that it will defeat the cause of action in assumpsit, but plaintiffs have good cause of action in case; that he believes plaintiffs can not safely go to trial, for want of material testimony." On this affidavit plaintiffs asked leave to amend the declaration and change the form of action, and also moved for a continuance. Each of these motions was overruled by the court, and plaintiffs excepted.

Mr. MORTON CULVER, for the plaintiffs in error:

The paper, when produced under rule of court, was not an agreement to sell the house and lot, by plaintiffs, but an option to Collins to buy his bogus stock given for the house and lot. The declaration being in assumpsit, no recovery could be had, and hence a continuance should have been granted to enable the plaintiffs to amend the declaration and proceedings. Hurd's Stat. 1874, p. 490, sec. 9; p. 778, sec. 24; p. 137, sec. 1.

This court has held that under the statute (Rev. Stat. 1874, p. 777, sec. 22,) abolishing the distinction between trespass and trespass on the case, counts in each of these actions can be joined. *Krugg* v. *Ward*, 77 Ill. 603; *Barker* v. *Koozier*, 80 id. 206.

That the rulings of this court upon the statutes allowing amendments, have been and should be liberal in the furtherance of justice, see *McCarthy* v. *New*, 91 Ill. 127; *Drake* v. *Drake*, 83 id. 528; *Sidway* v. *Marshall*, 83 id. 438; *Dickson* v. *Chicago, Burlington and Quincy R. R. Co.* 81 id. 218; *Litchfield Coal Co.* v. *Taylor*, 81 id. 592; *Walsh* v. *People*, 79 id. 523; *Healey* v. *Charnby*, 79 id. 592; *Challoner* v. *Niles*, 78 id. 78; *Thompson* v. *Sornberger*, 78 id. 354; *Misch* v. *McAlpine*, 78 id. 508; *Teutonia Life Ins. Co.* v. *Mueller*, 77 id. 22; *Scheel* v. *Eidman*, 77 id. 301; *Kirkpatrick* v. *Cooper*, 77 id. 566; *Chicago and Pacific Ry. Co.* v. *Stein*, 75 id. 42; *Chester and Tamaroa C. and R. R. Co.* v. *Lickiss*, 72 id. 522.

Mr. P. McHUGH, for the defendants in error:

The amendment sought was to change entirely the cause of action—to convert a claim for money due on a contract of sale into damages for an alleged tort or wrong. Amendments must be confined to restating the cause of action, and not to make a wholly new and different cause of action. *Illinois Central R. R. Co.* v. *Phelps*, 4 Bradw. 238.

False representations of matters of opinion, such as the value of property or securities, do not constitute fraud. Bigelow on Frauds, 18; Cooley on Torts, 483; Story's Eq. Jur. sec. 207; *Noetling* v. *Wright*, 72 Ill. 390; *Tuck* v. *Downing*, 76 id. 71; *Ellis* v. *Andrews*, 56 id. 83.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

No cause for continuance was shown. A general statement that "plaintiffs can not safely go to trial, for want of material testimony," is wholly inadequate for such a purpose. Before a party can demand, as a legal right, that a cause shall be continued, he must produce an affidavit, such as is prescribed in the Practice act. The affidavit, as stated in the abstract, gives neither the name nor the residence of any witness, nor does it state the substance of the testimony sought, nor does it show any diligence used, or any excuse for want of diligence.

As to the application to change the form of action, it would seem to have been entirely unnecessary. If it be true that such a fraud was practiced upon plaintiffs in this sale as would subject defendants to an action on the case for fraud, and if it be true that plaintiffs in apt time claimed to rescind on that ground, and offered to restore defendants to their former condition by a tender of all they had received from them, and demanded the land, and this was refused, it is not perceived why an action of assumpsit would not lie in case the bonds were taken as payment, as well as in a case where they were taken merely as security. Even if this were not so, we can not, from the meagre statement contained in the abstract, say that the refusal to permit the change was an abuse of judicial discretion.

Finding no error apparent, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*